# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Action No.: 6:08-cr-00797-1-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Yueseyuan Cruel, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on Defendant Yueseyuan Cruel's ("Defendant") motions for Reconsideration of Sentence [Dkt. No. 161 and 167]. Defendant is proceeding *pro se*. For the reasons stated below, the court denies Defendant's motions.

      On May 20, 2009, Defendant pled guilty to manufacturing counterfeit credit cards in violation of 18 U.S.C. 1029(a)(1) and was sentenced to a term of thirty (30) months followed by a period of supervised release of three (3) years. *See* Amended Judgment [Dkt. No. 142]. On June 13, 2012, Defendant was arrested while on supervised release. On August 13, 2012, Defendant appeared before this court and admitted to various violations of the terms of his supervised release including new criminal conduct for which Defendant faced state charges. The court revoked Defendant's supervised release based on the violations and new criminal conduct and committed him to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty one (21) months, followed by fifteen (15) months of supervised release. *See* Judgment for Revocation [Dkt. No. 160].

      In the instant motion, Defendant seeks a reconsideration of this court's decision to revoke his supervised release, arguing that, should he be found guilty of the new criminal conduct on the

1

state charges, this court may use that conviction as a reason to revoke the newly imposed period of supervised release.  Defendant argues that his current incarceration, resulting from the revocation of his supervised release, is scheduled to end on December 20, 2013, at which time the next phase of supervised release will begin.  Defendant further anticipates that a conviction in state court would most likely occur while he is on supervised release.  A conviction on state charges, he argues, could be alleged as a new supervised release violation, which would result in Defendant being punished twice in Federal Court for the same conduct.

Defendant's grounds for seeking a modification of his sentence rest on speculation as to future events.  The alleged double jeopardy from which Defendant is seeking relief has not yet occurred, nor is it certain to occur.  Defendant has not yet been convicted of the state charges and probation has not used that conviction to revoke his supervised release.  For these reasons, Defendant's claim is premature and not ripe for consideration.  Therefore, the court **DENIES** Defendant's requests for a modification of his sentence.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 30, 2012
Greenville, South Carolina

2